## BENJAMIN E. McGREW, AUDITOR, PROSECUTOR, v. HERMAN STEINER AND L. WILLIAMS.

Argued November 5, 1908—Decided February 23, 1909.

An affidavit on which an attachment is to be based must, in the absence of statutory provision to the contrary, state the Christian name of the defendant debtor, an initial being insufficient, and if the initial only be given in such affidavit, it cannot afterwards be amended.

---

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *George P. Rust.*

For the defendant, *James A. Sullivan.*

The opinion of the court was delivered by

PARKER, J. This writ brings up certain proceedings in attachment had before the District Court of the city of Passaic, in which the defendant Steiner was plaintiff and the defend-

ant Williams, defendant.   The affidavit for attachment in the District Court alleged that "L. Williams" was indebted to the plaintiff, and that the said L. Williams absconded from his creditors.   The writ of attachment as issued gave merely the name of L. Williams as defendant.   The *jurat* of the affidavit is signed by one who appended to his name the title "M. C. C. of N. J.," and it is claimed that the court will not take judicial notice that this means a master in chancery.   This question, however, we find unnecessary to discuss.

Shortly after the issue of the District Court attachment, another attachment was begun in the Passaic Circuit Court against Louis Williams, who is said to be the same person as the L. Williams made defendant in the first suit.   The prosecutor was appointed auditor in the Circuit Court suit and promptly intervened in the District Court attachment, asking that the District Court should quash its writ of attachment on the ground that the defendant's name was not properly stated in the affidavit and writ.   The court not only refused to quash the attachment, but made an order, on motion of the plaintiff's attorney, that the affidavit, writ and all other papers filed in the cause be amended by inserting the name Louis Williams instead of L. Williams, and denying the auditor's motion on the ground that the defects urged in said motion were properly amendable, and the circumstances of the case were shown to be such that the court in its discretion should order the amendment to be made.   It is this action of the District Court that is attacked by the present writ.

The *status* of an auditor in an attachment out of a superior court to attack the validity of an attachment in a District Court may well be questioned.   By the statute the Circuit Court attachment is a *supersedeas* to a District Court attachment, and the sheriff takes possession as against the District Court constable or sergeant-at-arms.   *District Court Act. Pamph. L.* 1898, *p.* 587, § 77.   By the same statute the District Court attachment retains its priority, and the plaintiff's claim, if adjudged valid, is settled by the Circuit Court auditor as a prior claim.   We find nothing in the Attachment act requiring or authorizing an auditor to attack other attachments

for illegality; but his *status* for that purpose is not brought into question here. He did, as a matter of fact, intervene in the District Court and petitioned that the writ and proceedings be quashed. He was heard in that court. If his application had been simply denied and the case were before us in that form, his *status* as an intervenor would be open to examination; but the District Court did not content itself with denying his application, but went further and undertook, as against him, to amend the affidavit and writ and other proceedings, and it is these amendments that he now attacks by *certiorari*. We think that he has a *status* for that purpose.

Coming now to the merits of the case, we fail to see by what authority the District Court undertook to amend the affidavit and the writ, and especially the former. An affidavit in attachment is a foundation of the action, and if it be insufficient, it is not subject to amendment by supplemental proof. *Corbit* v. *Corbit,* 21 *Vroom* 363. Upon the face of the affidavit in question, it was apparent that no defendant was named in a legal sense, as initials cannot be used for the Christian names of parties to actions except where some statute authorizes it. On these grounds a judgment in attachment was reversed because the plaintiff, a married woman, was named by her husband's initials, to which "Mrs." was prefixed. *Elberson* v. *Richards,* 13 *Id.* 69; and in another case, in the same volume, the same result followed the use of the initials of the plaintiff's name. *Dittmar Powder Co.* v. *Leon, Id.* 540. The failure to give the defendant's Christian name in the affidavit as originally filed was therefore a fatal defect and not amendable; and if the defendant or any other party interested and entitled to be heard had applied for such relief, it would have been the duty of the District Court to quash the attachment. Whether said court should have recognized the present prosecutor for that purpose is a question not now decided; but its action in undertaking to amend the papers was erroneous and will be set aside, leaving the District Court record in the condition that it was in before the present prosecutor intervened.