The State of Delaware upon the Relation of the National Bank of Delaware at Wilmington, a corporation existing under the laws of the United States of America, *vs.* The Jessup and Moore Paper Company, a corporation existing under the laws of the State of Delaware.

1. Mandamus—Proceedings—Amendment of Alternative Writ.

Since the petition is the foundation of a mandamus proceeding, where it is amended, an amendment should be allowed to the alternative writ, to conform to the petition.

2. Mandamus—Proceedings—Service.

Upon the allowance of an amendment to an alternative writ of mandamus, to make it conform to the amended petition, the writ need not be reissued and served.

(*December* 22, 1910.)

Pennewill, C. J., and Boyce and Hastings, J. J., sitting.

*Robert H. Richards* for relator.

*Willard Saulsbury* and *Hugh M. Morris* for respondent.

Superior Court, New Castle County, November Term, 1910.

Mandamus (No. 129, September Term, 1908). Application for leave to amend the alternative writ so as to conform to the petition which had been amended by leave of court.

Pennewill, C. J., delivering the opinion of the court:

The application is for leave to amend the alternative writ, the petition having been heretofore amended by leave of court. Objection is not made by the respondent to the amendment, as we understand, but it is insisted that when amended the writ should be reissued and served, so that the respondent may have further time to make a new return to such amended writ. This, it is contended, would be the proper practice in such cases.

While the course suggested by the respondent may seem logical and proper, it does seem to us to be unnecessary. The petition is the foundation of the action, and when that is amended it is obvious that the alternative writ, which must conform to the petition, should be likewise amended, just as any pleading in a cause and with like effect. And if the return has at the time been filed, leave should be given to amend the same.

We think the question presented was passed upon by this

court in Kent county in the case of *State ex rel Allee, et al., v. McCoy, et al., 2 Marv.*, 465, 503, 36 *Atl.* 355.    In that case, after the several returns had been read and filed, Walter H. Hayes, for the relators, moved for leave to amend the petition, the order for the rule to show cause, and the alternative writ, by adding to the enumeration of parties respondent. where they were mentioned, as such, in each of said papers, the words: "And Samuel L. Shaw, sheriff of said county of Kent, constituting the board of canvass for said county of Kent."

Chief Justice Lore, speaking for a majority of the court, said: "We think the amendment ought to be allowed.   Let it be made."

Judge Grubb dissented, but his dissent seems to have been based upon the ground that the application came too late, and not at all upon the ground that the granting of the application would not be in accordance with what should be the practice in such cases.

And it may be noted that the objections of counsel for the respondents were: (1) That the application was made too late; and (2) that the real effect of granting the application would be to make a new party to the proceeding, which under the decisions of the court could not be done.

The court held that under the provisions of the Constitution and statutes of the state respecting amendments, the application could be granted, and that there was no reason shown why it should not be.

We so hold in the present case, and we further hold that when the writ is amended it is not necessary that same be reissued, and that upon application the respondent will be granted leave to amend his answer so as to meet the requirements of the amended writ.

(Time for filing amended answer extended by agreement until January 10, 1911.)