## JOSEPH SINDOWSKI vs. ROSIE SINDOWSKI.

DIVORCE—ALLEGATIONS OF PETITION—RESIDENCE OF PARTIES.

The petition in a divorce action alleged that defendant, "being at this time domiciled in the City of Wilmington, on or about the twelfth day of September, A. D. 1909, and continuously from that time, also divers other times previous thereto," was guilty of habitual drunkenness, such as to endanger the life and health of plaintiff, and to make cohabitation with her unsafe. *Held*, that the petition was insufficient, and did not show compliance with Divorce Act (*Laws* 1906, *c.* 221) § 9, requiring one of the parties to the action on such grounds to have been for two years a *bona fide* resident of the state.

(*November* 29, 1911.)

Judges BOYCE and RICE sitting.

*Edwin R. Cochran* for plaintiff.

*Lilburne Chandler* for defendant.

Superior Court, New Castle County, November Term, 1911.

ACTION FOR DIVORCE (No. 38, November Term, 1911). Petition dismissed for defective averments therein.

The cause relied upon for divorce was alleged in the petition as follows:

"That the said Rosie Sindowski, being at this time domiciled in the City of Wilmington, on or about the twelfth day of September, A. D. 1909, and continuously from that time, also divers

other times previous thereto, was guilty of habitual drunkenness such as to endanger the life and health of Joseph Sindowski and to render co-habitation and living unsafe with her."

BOYCE, J., delivering the opinion of the court:

Our statute (*Laws* 1906, *c.* 221) regulating annulment of marriage and divorce enumerates the causes for divorce, whether *a vinculo matrimonii* or *a mensa et thoro* in simplest terms and phrases. The court has frequently urged that the cause or causes for divorce, relied upon, be averred in the petition in the exact language of the statute. And that the conditions as to residence as provided by *section* 9 of the act be averred so as to meet fully the requirements of said section. These are vital matters, and there should be no uncertainty in the language employed. There will be none if the *cause* for divorce and the conditions of *residence* are alleged in the language of the statute.

We regret to say that the averments in this petition are very defective and the petition should be dismissed.

At this point counsel for the plaintiff asked leave to amend the petition.

BOYCE, J., continuing:

Leave will not be granted to amend petitions in divorce cases. The petition is dismissed.