ETHEL M. JESTER, an infant by MARY J. FARIES, her next friend, *vs.* SAMUEL J. JESTER.

DIVORCE—AMENDMENT OF PETITION—CHANGING PRAYER.

Under *Rev. Code* 1852, amended to 1893, *p.* 850, *c.* 112, § 15, providing that, when a plaintiff shall have mistaken the form of action suitable to his claim, the court, on motion may permit amendment, the petition stating a cause of action which, under the statute as amended, is for divorce, but prior thereto was for annulment of the marriage, amendment of the prayer for annulment to one for divorce should be allowed.

(<em>March</em> 2, 1914.)

Judges BOYCE, CONRAD and RICE sitting.
*Levin Irving Handy* for plaintiff.
*James W. Lattomus* for defendant.
Superior Court, New Castle County, March Term, 1914.

ACTION FOR ANNULMENT OF MARRIAGE by Ethel M. Jester, an infant, by Mary J. Faries, her next friend, against Samuel J. Jester. Motion to amend form of action allowed. On the fourth day of February, A. D. 1914, the plaintiff filed her petition for the annulment of the marriage between her and the defendant, whereupon a summons issued for the defendant's appearance, returnable to the present March term of the court. There was proof of the service of the summons on the defendant more than twenty days before the return thereof as required by the statute.

It is provided by *Section* 1, *Chapter* 221, *Page* 619, *Volume* 24, *Laws of Delaware,* that a marriage may be annulled: " (f) At the suit of the wife when she was under the age of sixteen years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age." The said paragraph " (f) " and paragraph " (g) " of said section 1 of the above-mentioned chapter were by *Section* 1, *Chapter* 213, *Page* 496, *Volume* 25, *Laws of*

*Delaware*, stricken out, and made paragraphs "(g)" and "(h)", of *section* 3 of the first above-mentioned chapter, making the provisions of said paragraphs *causes for divorce* from the bonds of matrimony instead of *causes for the annulment* of a marriage.

The plaintiff in her said petition, among other proper and necessary allegations, averred: "That heretofore, to wit, on the second day of April, A. D. one thousand nine hundred and eleven, said Ethel M. Jester, the petitioner, was * * * joined in matrimony according to the rites of * * * to her present husband, the said Samuel J. Jester, by * * * a regularly ordained minister of the gospel. That she was, at the time of said marriage under the age of sixteen years, and that such marriage has not been confirmed by her after arriving at such age. That she separated from the said Samuel J. Jester on the twenty-fifth day of October, A. D. one thousand nine hundred and eleven (at which time of separation her age was fifteen years and one month), and that since said date of separation she has never resumed marital relations with him or had any connection with him up to the present time. That she has been all that time separated from him and deserted by him." The petition is duly verified according to law.

The prayer of the petitioner is that a summons shall be issued, etc., and "that this honorable court may decree that said marriage between your petitioner and the said Samuel J. Jester be annulled and made void," etc.

At the return term of the writ, upon proper petition filed, an order appointing the next friend to prosecute the suit was made. The cause coming on to be heard, counsel for the plaintiff made known to the court that he had mistaken the form of action suited to plaintiff's claim, in that the prayer of the petitioner is for an annulment of the marriage and not for a divorce from the bonds of matrimony, as it should have been under the act as amended, and moved that the plaintiff by her next friend might be permitted to amend the action by striking out in the prayer of the petition "the words 'said marriage between your petitioner and the said Samuel J. Jester be annulled and made void and of no effect,' and inserting in lieu of the words so stricken

out the following words, to wit, 'the plaintiff in this case, Ethel M. Jester, be granted a divorce from the bonds of matrimony from her present husband, the defendant in this case, Samuel J. Jester'."

BOYCE, J., delivering the opinion of the court:

*Section 7, Chapter 221, Page 622, Volume 24, Laws of Delaware*, provides that "the proceedings for divorce, or to have a marriage annulled, shall be by petition filed with the prothonotary of the Superior Court in the county of the petitioner's residence, stating the true cause of the complaint and verified by the affidavit of the petitioner that the facts stated are true and that the complaint is not made out of levity or by collusion." Every essential fact necessary to be stated in the petition for the annulment of the marriage between the parties to this action, duly verified, as required by the statute, is fully stated, and if established by proofs, cause would be shown for the annulment of the marriage under said Act of Assembly. But the act has been amended (*Sections 1 and 3, Chapter 213, page 496, Volume 25, Laws of Delaware*), making the matter complained of a cause for divorce from the bonds of matrimony and not a cause for the annulment of the marriage.

The petition, under the statute as amended, is suitable and sufficient for a cause in divorce, but the prayer in the petition is for annulment of the marriage and not for divorce. In other words, the petitioner has mistaken her form of action.

It is a rule of this court never to allow amendments to affidavits.

In *Sindowski v. Sindowski*, 2 *Boyce*, 547, 84 *Atl.* 805, the court said: "Leave will not be granted to amend petitions in divorce cases." The verification required by the statute goes to the facts stated in the petition and not to the prayer thereof and this fact distinguishes this case from the *Sindowski case* to which we have referred.

*Section 15, Chapter 112, page 850, Revised Code*, provides that "Whenever a plaintiff in an action shall have mistaken the form of action suited to his claim, the court, on motion, may permit

amendments to be made, on such terms as they shall judge reasonable."

We think the motion to amend should be granted. *Eby v. Concord Heights Co., ante* 90 *Atl.* 40.

The amendment is allowed.