materials to be used by them upon the scaffold and started to work. After they had been working about one hour the scaffold gave way, throwing them all to the ground and so injuring decedent that he died within three days.

After careful consideration, we feel that the motion for a nonsuit should be granted for two reasons:

[1] *First*, there is no evidence to submit to the jury from which it could infer that the scaffold collapsed for any of the causes alleged in the *narr.*, and

[2, 3] *Second*, we find no evidence which tends to prove, or from which the jury could infer, any negligence on the part of defendant. While the court will always hesitate to take a case away from the jury, nevertheless, when in their judgment plaintiff has failed to produce sufficient evidence to warrant the jury in finding in her favor, it is their duty so to do.

For the reasons stated, we grant the motion and order a non-suit entered.

MR. SATTERTHWAITE: If your Honors please, we refuse to accept a nonsuit.

HEISEL, J., charging the jury: For the reasons stated, we direct you to return a verdict for the defendant.

Verdict for defendant.

------------●------------

THOMAS TUCKER *vs.* FLORENCE TUCKER.

DISMISSAL AND NONSUIT—INVOLUNTARY—UNVERIFIED DIVORCE PETITION.
    A divorce petition will not be dismissed because the notary's seal was not attached to the jurat, but permission will be given to attach it.
(*February* 19, 1917.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*W. Watson Harrington* for plaintiff.
*Arley B. Magee,* special appearance for defendant.
Superior Court, Kent County, February Term, 1917.

DIVORCE, No. 23, February Term, 1917.

ACTION FOR DIVORCE by Thomas Tucker against Florence Tucker. On motion to dismiss the petition on the ground that the seal of the notary was not attached to the jurat. Motion denied.

When the case was called, on the first day of the term, Mr. Magee asked leave to appear specially for the defendant, for the purpose of moving to dismiss the petition, on the ground that the notary's seal was not attached to the affidavit annexed to the petition. Leave to appear granted.

Mr. Harrington objected to the dismissal of the petition, on the ground that the absence of the seal from the affidavit was a clerical omission on the part of the notary, and asked that the notary be permitted to attach his seal during the day.

PENNEWILL, C. J.:—We decline to dismiss the petition. The notary may at any time during the day attach his seal to the affidavit.

———•———

AMANDA RAY, d. b. a., *vs.* STATE OF DELAWARE.

1. INDICTMENT AND INFORMATION—DUPLICITY.

A count in an information that accused sold intoxicating liquors to three persons named therein imports a sale at the same time to such persons, and is not duplicitous.

2. INDICTMENT AND INFORMATION—DUPLICITY—NECESSITY OF DEMURRER.

Duplicity in an information is a formal defect, advantage of which must be taken by demurrer.

3. INDICTMENT AND INFORMATION—DUPLICITY—WAIVER BY PLEADING OVER.

Pleading over to an information for selling intoxicating liquors cures any duplicity in the information.

4. INDICTMENT AND INFORMATION—AIDER BY VERDICT—VARIANCE.

A judgment after verdict for selling intoxicating liquors will not be arrested because of duplicity in the information.