JAMES FRANCIS L. TAYLOR *vs.* BLANCH T. TAYLOR.

1. DIVORCE—MISTAKE IN INITIAL OF DEFENDANT'S MIDDLE NAME NOT GROUND FOR DISMISSAL OF PETITION.

In divorce action, court will not dismiss petition because of mistake in initial of defendant's middle name, but will proceed to hear case on merits, and on proof that mistake was made, and that defendant was personally served, will, on entry of decree, substitute the correct initial.

2. DIVORCE—MISTAKE IN MIDDLE INITIAL OF DEFENDANT'S NAME NOT TO BE CORRECTED BY AMENDMENT OF PETITION.

Court will not permit amendment to petition in divorce action to correct misnomer of defendant, in that her middle initial was stated to be " T.," instead of "I."; but the decree will, if adverse to defendant, designate her with the proper initial in her name, as disclosed by the evidence on hearing on the merits.

(*December* 6, 1920)

BOYCE, J., sitting.

*Caleb E. Burchenal* for plaintiff.

*Franklin Brockson* for defendant.

Superior Court for New Castle County, November Term, 1920.

DIVORCE, No. 88, September Term, 1920.

Action for divorce by James Francis L. Taylor against Blanch
T. Taylor.  On motion for defendant to dismiss, and counter mo-
tion for plaintiff to amend the petition.  Motions denied.  Cause
heard on merits.  Decree *nisi* granted.

See *Syfrit v. Gause et al. infra p.* 146, 111 *Atl.* 780.

This was an action for divorce on the ground of desertion.
The defendant, by the name of Blanch T. Taylor, was served per-
sonally.  The cause coming on for hearing, counsel and guardian
ad litem for the infant defendant, appointed by the court, moved to
dismiss the petition on the ground of misnomer, in that the name
of the defendant is Blanch I. Taylor.  Counsel for plaintiff con-
ceded the misnomer, but opposed the motion to dismiss, and asked
leave to amend the petition and record so as to correct the mis-
take.

BOYCE, J. [1, 2]   The court is constrained to deny the motion
to dismiss the petition on the ground of mistake in the initial
"T." in the christian name of the defendant (*Carr v. Buchanan*,
5 *Boyce*, 254, 92 *Atl.* 875), and also to deny the motion to amend
(*Wagner v. Wagner*, 3 *Penn.* 303, 51 *Atl.* 603; *Sindowski v. Sin-
dowski*, 2 *Boyce*, 547, 84 *Atl.* 805), and will proceed to hear the
case on its merits.  If the evidence establishes the fact that the
correct initial in the Christian name of the defendant is "I", and
not "T", and that she was personally served with the summons
issued in this cause, and if after hearing the evidence the court
shall be satisfied that a decree *nisi* should be granted, the court
will, in entering the decree, substitute "I." for "T." in the Chris-
tian name of the defendant.

After the hearing:

BOYCE, J.    The marriage certificate, the admissions of the
plaintiff and other evidence clearly show that "I," and not "T.,"
is the correct initial for the middle Christian name of the defendant
and that the defendant was served personally, and the evidence
adduced establishes the fact of willful desertion on the part of the
defendant as alleged in the petition.

Let a decree *nisi* be entered, with the initial "I." incorporated
therein, instead of "T.," in the Christian name of the defendant.