LEON W. SYFRIT *vs.* VIRGINIA J. GAUSE, owner or reputed owner, and J. FRANK OWENS, contractor.

MECHANICS' LIENS—STATEMENT NOT DISMISSED FOR MISTAKE IN INITIAL OF OWNER'S MIDDLE NAME.

In mechanics' lien proceeding, claim will not be stricken from record because of mistake in initial of middle name of owner, where there is no question raised as to the owner's identity or as to personal service upon her.

*(December 17, 1920.)*

BOYCE and RICE, J. J., sitting.

*Henry R. Isaacs* for plaintiff.

*Herbert H. Ward, Jr.* (of Ward, Gray and Neary) for defendants.

Superior Court for New Castle County, November Term, 1920.

MECHANICS LIEN, No. 101, September Term, 1920.

Mechanics' Lien proceeding by Leon W. Syfrit for amount claimed to be due for materials and labor against Virginia J. Gause, owner or reputed owner, and J. Frank Owens, contractor. On exception to statement of claim of the plaintiff and prayer that the lien be stricken from the record. Exception dismissed.

The ground of the exception appears in the opinion.

RICE, J., delivering the opinion.

On the 31st day of July, 1920, Leon W. Syfrit filed in this court a mechanics' lien in which Virginia J. Gause, owner or reputed owner, and J. Frank Owens, contractor, were named as defendants. The writ was served personally upon Virginia J. Gause.

The following exception to the filing of the lien was made by Virginia I. Gause, one of the defendants:

Virginia I. Gause, one of the defendants in the above cause, by Ward, Gray & Neary, her attorneys, hereby files exceptions to the statement of claim of the plaintiff in this cause, for the following reason:

The statement shows the following legal cause or reason why the claim for mechanics' lien should not have been filed, and should not now be maintained, in that Virginia I. Gause says that she is named and called by the name of Virginia I. Gause, and by that name and surname has always since the time of her marriage, been named and called, and that she has never been named or

called by the name of Virginia J. Gause, which latter name is the name used in the statement of claim in the above case.

The above defendant, therefore, for the above reason, prays that this honorable court do order that the lien be stricken from the record, and that the defendant have execution for her costs.

The only question of law raised by the exception is whether or not the lien should be stricken from the record by reason of the mistake in the middle initial of one of the defendants in the petition and writ.

Briefs were submitted by counsel for plaintiff and defendant in support of their respective contentions, but we are of the opinion that this case is controlled by the decision of this court in the case of *Taylor vs. Taylor, supra, p.* 144, 111 *Atl.* 780, decided at the present term of court on the 6th day of December. That was an action in divorce, in which the defendant was named in the petition and writ as Blanch T. Taylor while her name was Blanch I. Taylor. The defendant made a motion to dismiss the petition on the ground of mistake in her middle initial. The court denied the motion, heard the case on its merits, and granted a decree *nisi* with the direction that in the decree the initial "I." be incorporated instead of "T.," in the Christian name of the defendant.

In the present case Virginia I. Gause admits that she is one of the defendants, and there is no question raised with respect to her identity or to personal service upon her.

We fail to find any material difference in the two cases.

For the reasons stated the exception is dismissed.