IN RE VEASEY.

(*July* 15, 1927.)

PENNEWILL, C. J., and RODNEY, J., sitting.

*Walter J. Willis, Josiah Marvel* and *Caleb S. Layton* for petitioner.

*James I. Boyce* for State Highway Department (by special appearance.)

Superior Court for New Castle County, No. 222, September Term, 1926.

RODNEY, J., delivering the opinion of the Court:

The petition for the writ of *ad quod damnum* was filed by Veasey within the fifteen days required by the Statute. No effective writ was ever issued. The issuance of this writ was a ministerial duty and we are not inclined to so interpret the statute that the failure to issue a sufficient writ within fifteen days mentioned in the statute would prevent a subsequent issuance of such writ and thus prevent an appellant owner from having a legal valuation placed upon his property summarily taken from him. We are, therefore, of the opinion that the fifteen day limitation mentioned in the statute applies to the time when the party dissatisfied with the findings or awards of the Commissioners must commence his *ad quod damnum* proceedings and does not refer to the actual issuance of the writ

itself. The commencement of these proceedings is by a petition to the Prothonotary which is analogous to a præcipe in ordinary cases.

It is unnecessary for us to determine whether the new and amended writ of *ad quod damnum* to be issued may contain the requirement that the jury to be summoned by the sheriff shall consider the benefits and advantages as well as the loss, detriment and disadvantages mentioned in the statute even though the petition for the writ does not specifically ask for such provisions. We are referred to no case holding the contrary. *Elbert v. Scott*, 5 *Boyce* (28 *Del.*) 1, 90 *A.* 587, only holds that where the petition does not contain such statutory essentials the petitioner cannot object that the writ issued pursuant to the petition likewise failed to include them.

Having reached the conclusion that an effective writ of *ad quod damnum* can properly issue upon the petition heretofore filed we are now asked to allow the petition itself to be amended as to the prayer thereof, so that it may be required that the writ to be issued would include the consideration of the benefits and detriments mentioned in the statute.

[2] *Article* 4, § 24 of the Constitution of this state and *Section* 4430 *of Revised Code of* 1915 both grant to this court extensive powers in allowing amendments to the end, in the words of the constitutional provision, "the determination of causes, according to their real merits, shall not be hindered." The adjudications of this state show a broad and liberal construction of the power of amendments.

Amendments have been allowed as to an original writ (*Ennis v. Ennis*, 5 *Harr.* [5 *Del.*] 390); as to an original petition for a writ of *mandamus* (*State v. Jessup & Moore Paper Co.*, 2 *Boyce* 116, 78 *A.* 295; *State v. McCoy*, 2 *Marv.* 465, 36 *A.* 355; *Houston v. Levy Court*, 5 *Harr.* 15; *State v. Moore*, 2 *Penn.* 299, 46 *A.* 669). In *Jester v. Jester*, 4 *Boyce* 542, 90 *A.* 82, the prayer in a petition for divorce was amended. Many other Delaware cases might be cited all showing a liberal grant of amendatory proceedings where the parties themselves are not changed and no adverse rights are affected.

No sufficient cause appearing why the motion to amend the prayer of the petition should not be granted, the same is allowed.