Console Master Speaker Corporation, a corporation of the State of Delaware, *v.* Muskegon Wood Products Corporation, a corporation of the State of Delaware.

2

*(March* 14, 1928.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*Clarence A. Southerland* for plaintiff.

*James I. Boyce* for defendant.

Superior Court for New Castle County, September Term, 1927.
No. 81, January Term, 1927.

PENNEWILL, C. J., delivering the opinion of the Court:

Would the amendment, if allowed, change the party plain-tiffs:

The *Delaware Constitution, Section* 24 of *Article* 4, provides that:

"In civil causes, when pending, the Superior Court shall have the power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments, impleadings and legal proceedings, so that by error in any of them, the determination of causes, according to their real merits, shall not be hindered."

*Section* 4430 of the *Revised Code* provides as follows:

"In any civil cause pending before the Superior Court, the said Court shall have power, at any time before judgment, to allow amendments either in form, or substance, of any process, pleading or proceeding, in such action, on such terms as shall be just and reasonable."

These provisions, which are substantially similar, are as broad and liberal as could be, consistent with the rights of parties to the

suit. The purpose of the provisions is to secure the determination of causes according to their real merits.

To accomplish such purpose it has been the practice of this Court to allow any amendment to the process, pleadings or proceedings that did not involve the change of parties or work an injury to the opposing party, no matter whether it went to form or substance. Such being the law and the practice in this as well as in other states, it is not necessary to cite authorities to sustain it, but the following Delaware cases may be mentioned: *Benjamin v. Boyce*, 2 *Harr.* 316; *Townsend v. Townsend*, 2 *Harr.* 277; *McColley v. Collins*, 5 *Harr* 391; *Waples v. Adkins*, 5 *Harr.* 381; *Hughes v. Diamond Match Co.* 1 *Penn.* 140, 39 *A.* 772; *Harmon v. Collins*, 2 *Penn.* 36, 45 *A.* 541; *Bellah v. Hilles*, 2 *Penn.* 34, 43 *A.* 89; *Lapham v. P. B. & W. R. R. Co.*, 4 *Penn.* 421, 56 *A.* 366; *Gatta v. P. B. & W. R. R. Co.*, 1 *Boyce* 293, 76 *A.* 56; *Beveridge v. Shipley*, 7 *Boyce* 579, 110 *A.* 44.

In the case of *Bellah v. Hilles*, 2 *Penn.* 34, the court permitted the process, in foreign attachment, to be amended. It is, therefore, particularly in point.

Shall the plaintiff's application, which involves the amendment of declaration, process and affidavit, be granted?

Certainly the amendment, if allowed, could work no injury to the defendant. This is so clear that it needs no discussion.

Would it make a change of the party plaintiff?

Not if there is no other corporation or company having a similar name. The defendant does not say that there is any other such corporation or company but that there may be because of our peculiar corporation law under which it is possible for two or more corporations to have similar names or titles.

The plaintiff claims that there is no other corporation in this state with the title of "Console Master Speaker," and in support of its claim has introduced an affidavit made by the Secretary of State showing that there is no such corporation. If this affidavit may be considered as evidence the fact is conclusively shown. And even if the affidavit is not considered evidence in the case, it does not appear to the court that there is any other corporation bearing a similar

title, but only that there may be. This does not disprove the claim of the plaintiff. We conclude, therefore, that the proposed amendment would merely correct an error or misnomer and not involve any change of parties; it would be in accordance with the fact. It will promote the trial of the cause according to its real merits, and expedite its determination.

2. The granting of plaintiff's application would involve the amendment of the affidavit upon which the attachment is based. Is it permissible under our decisions? This is a more difficult question than the one we have already considered. In view of the decisions in this state relating to the amendment of affidavits, and the general language employed by the courts in the decisions, the bar have no doubt thought, and perhaps had a right to think, that an affidavit cannot be amended in any particular, no matter how formal.

An examination of the cases in which the amendment of an affidavit was disallowed, discloses that they were mainly those involving affidavits of demand or defense, and the amendment proposed went to the substance or validity of the affidavit, such as the affixing of the notary's seal.

It is true that in a few cases amendments of affidavits in other cases were not allowed. *Wagner v. Wagner*, 3 *Penn.* 303, 51 *A.* 603; *Sindowski v. Sindowski*, 2 *Boyce* 547, 84 *A.* 805.

These were divorce cases. In the later divorce case of *Jester v. Jester*, 4 *Boyce* 542, 90 *A.* 82, it was said that amendments to affidavits are not permitted, but the prayer of the petition could be amended since the affidavit went only to the facts stated in the petition. In the two mandamus cases of *State v. McCoy*, 2 *Marv.* 468, 36 *A.* 355, and *State v. Jessup & Moore Paper Co.*, 2 *Boyce* 116, 78 *A.* 295, amendments were allowed although the petition for mandamus was supported by affidavit.

In Re *Veasey*, 3 *W. W. Harr.* (33 *Del.*) 396, 138 *A.* 629, leave was granted to amend the prayer of a petition for a writ of *ad quod damnum* although the petition was supported by affidavit. It is fair to say, however, that in such a case the petition is not required to be verified.

In *Bank v. Morgan*, 1 *Marv.* 265, 40 *A.* 1113; *Valley Paper Co. v. Smalley*, 2 *Marv.* 295, 40 *A.* 176, and *Jones v. Jones*, 3 *Penn.* 14, 50 *A.* 212, the amendment of an affidavit was refused. These were cases involving an affidavit of demand or defense. In the first case the court held that the mandatory provision of the statute must be complied with—

"and it must appear on the face of the affidavit that somebody swears that the amount is justly and truly due. The court have held again and again that they could not supply an affidavit by intendment. They have never permitted an affidavit to be amended."

In the *Valley Paper Co.* case it was said:

"I think the court in this state has never permitted an affidavit to be amended, at least not in my recollection. It is a very grave question whether this comes under the constitutional provision. This whole practice has sprung up long since the Constitution was adopted. This practice of taking such judgments is comparatively a recent thing. Still, we would not say that it does not come within the broad terms of the Constitution."

It is obvious that in these two cases the court had in mind affidavits of demand or defense only, and were impressed with the mandatory requirements of the statute which it was thought should be strictly construed. The court, although it used very general language, did not say or mean to say, that no affidavit can be amended. It is also obvious that the court in the last-mentioned case was doubtful that the recent practice of taking such judgments was covered by the constitutional provision respecting amendments. There can be no doubt now about that fact because the constitutional provision has been re-enacted since the court's decisions.

Another very important fact to be noted in connection with these cases is, that the amendment proposed went to the very validity of the affidavit, and not to form only as in the present case.

The last Delaware case that deals directly with the subject under consideration is that of *Tucker v. Tucker*, 6 *Boyce* 439, 100 *A.* 471, and we think it clarifies the situation. In that case a motion was made to dismiss a petition for divorce on the ground that the seal of the Notary had been omitted from the affidavit. The plaintiff asked that the Notary be permitted to attach the seal which was equivalent to asking that the affidavit be amended in that regard.

The court declined to dismiss the petition and ruled that the Notary might at any time during the day attach his seal to the affidavit.

In view of the importance of the official seal in connection with the affidavit, the court in the *Tucker* case went further than we are required to go in the present case, in which the amendment asked for goes to form, and not to substance. It touches in no way the facts sworn to or the validity of the affidavit.

In dealing with the subject of amendments of process, pleading and proceeding, the purpose of the law relating thereto must not be disregarded. That purpose was to secure or promote the trial of causes upon their merits without hindrance or unnecessary delay and expense. If the amendment proposed works no change of party, no injury or disadvantage to the opposing party, and is promotive of a fair and expeditious trial upon its merits, we can see no reason why it should not be allowed in the furtherance of justice.

It has been generally considered by the bar, as well as by the courts, that the allowance of an amendment rests in the sound discretion of the court. Certainly it would not be an abuse of such discretion, but rather within the spirit and intent of the Constitution and statute to allow such an amendment as is asked for in this case.

Logically, there does not seem to be any reason why an amendment that does not affect a change of party or cause an injury to the opposing party, should not be allowed, whether it applies to process, pleading or affidavit, which are all proceedings in the cause.

In disposing of the instant case we are not required to overrule other decisions, but we do confine the language of the decisions to the cases and the facts with which the courts were dealing. We may also say, that courts today are not so averse to allowing amendments as they once were. And, as a rule, they have construed liberally the constitutional and statutory provisions relating to amendments when the amendment asked for was for the correction of error and not to make a new party, or in effect institute another suit.

There was a further objection urged by the defendant to the allowance of the amendment, viz.:

That amending the affidavit would discharge the surety in the bond given by the defendant to secure the release of the property attached. We think such question is not now before the court and need not be considered.

The Court are of the opinion that the amendment asked for should be allowed.

NOTE. This case was included in 3 *W. W. Harr.* (33 *Del.*), but, owing to an error of the printer, a portion of the opinion of the court was omitted from that volume, and, by reason of that fact, the whole case is republished here.