SOUTHERN MARYLAND TRUST COMPANY, a Maryland Corporation, Seat Pleasant, Maryland, *v.* S. J. HENRY, 1 East Bradley Lane, Chevy Chase, Maryland.

(*May* 8, 1931.)

RICE and HARRINGTON, J. J., sitting.

*Arthur G. Logan* (of Marvel, Morford, Ward & Logan) for plaintiff.

*David J. Reinhardt, Jr.,* and *J. La Penne Guenveur* for defendant.

Superior Court for New Castle County.
No. 36, March Term, 1931.

HARRINGTON, J., delivering the opinion of the court:

█ It is not denied that Samuel J. Henry, of No. 1 East Bradley Lane, Chevy Chase, Maryland, and S. J. Henry of the same address are one and the same person; that being true, no question of new parties is involved in the plaintiff's application to amend.

The defendant claims, however, that notwithstanding that fact, neither the affidavit of demand nor the attachment affidavit can be amended. He further claims that as the latter affidavit is the basis of the whole proceeding it necessarily follows that neither the caption of the suit nor the writ can be amended, and that the whole proceeding must, therefore, be quashed.

This contention is sustained in *McGrew v. Steiner,* 77 *N. J. Law* 377, 71 *A.* 1122, cited by him.

Amendments at any time before judgment in civil causes pending before the Superior Court "so that by error  *  *  *  the de-

termination of causes, according to their real merits, shall not be hindered" are, however, expressly authorized by section 24 of article 4 of the Constitution of 1897.

Section 4430 of the Code of 1915, also, provides that the Superior Court at any time before judgment shall have power "to allow amendments either in form, or substance, of any process, pleading, or proceeding" in any civil causes pending before it.

In most particulars where no new parties are involved and where it would prevent delays and promote justice, our courts have, for a number of years, at least, been liberal in exercising the right given by these provisions (*In re Veasey,* 3 *W. W. Harr.* [33 *Del.*] 396, 138 *A.* 629), but while now permitted in certain cases the same liberality has not been applied to the amendment of affidavits.

In *Console Master Speaker Corporation v. Muskegon Wood Products Corporation,* 3 *W. W. Harr.* (33 *Del.*) 604, 141 *A.* 109,[1] however, after reviewing the prior Delaware cases, the court permitted the amendment of the whole record, including the affidavit on which the attachment was based, by changing the name of the plaintiff from a named corporation to a named company.

Prior Delaware cases had permitted amendments of the prayers of the petitions in both divorce and condemnation proceedings (*Jester v. Jester,* 4 *Boyce* 542, 90 *A.* 82; *In re Veasey,* 3 *W. W. Harr.* [33 *Del.*] 396, 138 *A.* 629) and differing from the earlier case of *Jones v. Jones,* 3 *Penn.* 14, 50 *A.* 212, and, in principle, from *Valley Paper Co. v. Smalley,* 2 *Marv.* 289, 43 *A.* 176, the plaintiff was permitted to amend a petition in divorce in *Tucker v. Tucker,* 6 *Boyce* 439, 100 *A.* 471, by adding the notarial seal of the officer before whom the petitioner had sworn to the facts alleged in such petition.

While an application to amend was refused in *Taylor v. Taylor,* 1 *W. W. Harr.* (31 *Del.*) 144, 111 *A.* 780, when the middle letter of the defendant's given name was incorrectly stated in the action, the error was corrected in the decree.

[1]Because of an error on the part of the printer the latter part of the opinion of the court in this case was omitted from 3 *W. W. Harr.* (33 *Del.*) 604, but the case is reported in full in 141 *A.* 109. It is also reprinted in full in this volume at page 1.

A stricter rule was, however, applied in the earlier cases of *Wagner v. Wagner*, 3 *Penn.* 303, 51 *A.* 603, and *Sindowski v. Sindowski*, 2 *Boyce* 547, 84 *A.* 805.

In *Wagner v. Wagner, supra,* the court refused to amend a petition for divorce by changing the allegation that the defendant was "guilty of cruel, barbarous, and inhuman treatment" toward the petitioner, to a charge of extreme cruelty, in the language of the statute.

In *Sindowski v. Sindowski, supra,* the petition alleged

"That the said Rosie Sindowski, being at this time domiciled in the city of Wilmington, on or about the twelfth day of September, A. D. 1909, and continuously from that time, also divers other times previous thereto, was guilty of habitual drunkenness so as to endanger the life and health of Joseph Sindowski and to render cohabitation and living unsafe with her."

The allegations, both as to residence and the ground for divorce, were held to be insufficient, but leave to amend, so as to comply with the statute, was refused.

Perhaps, the right to amend has been carried further in petitions for writs of mandamus than in any other class of reported cases in this state involving the amendments of affidavits.

In *State v. McCoy*, 2 *Marv.* 465, 36 *A.* 355, the petition was amended by adding to the respondents named in it "and Samuel L. Shaw, sheriff of said County of Kent, constituting the Board of Canvass for said County of Kent."

The petition in a mandamus case was, also, amended in *State v. J. & M. Paper Co.*, 2 *Boyce* 116, 78 *A.* 295, but the character of the amendment, or whether made by consent, or otherwise, does not appear, as the question in controversy was merely as to the right to amend the process to correspond with the amendment already made to the petition.

Most of these cases were considered in *Console Master Speaker Corporation v. Muskegon Wood Products Corporation*, 3 *W. W. Harr.* (33 *Del.*) 604, 141 *A.* 109, *supra.*

In permitting the amendment of the name of the party plaintiff in that case, the court not only pointed out that there was no other Delaware corporation with the title of "Console Master Speaker" and that no question of new parties was, therefore, in-

volved, but, also, pointed out that by reason of that fact the permitted change in the record, including the affidavit, was more in the nature of a formal matter than in substantial allegations of fact. The same may be said to be true in this case as it has already been pointed out that it is not denied that the defendant, S. J. Henry and Samuel J. Henry are one and the same person. The error sought to be corrected by the plaintiff, therefore, merely consists in substituting Mr. Henry's Christian name "Samuel" for the initial "S" standing therefor.

Perhaps no case in this state, permitting the amendment of an affidavit of demand, can be cited. *Woolley on Del. Prac.*, § 259; *Philadelphia Nat. Bank v. Morgan,* 1 *Marv.* 265, 40 *A.* 1113.

In *Philadelphia Nat. Bank v. Morgan, supra,* it appeared from the affidavit filed that Levi L. Rue had appeared before a Notary of the State of Pennsylvania and had deposed and said:

1. That he was the assistant cashier of the plaintiff bank.

2. That the office of cashier of that bank was vacant by reason of death, and that he was authorized to perform and did perform all of the duties of that office.

3. That a copy of the promissory note, which constituted the plaintiff's cause of action, was annexed to the affidavit.

4. That the sum demanded was $946 with interest from April 5, 1894, "and one and 67/100th dollars for costs of protesting said note, and that said ——— verily believes the same is justly and truly due."

This was followed by the words "sworn to and subscribed the day and year aforesaid before me" and was signed by Levi L. Rue. This signature was, also, followed by the signature of the Notary followed by the words "Notary Public" and his seal was properly attached.

The court, nevertheless, held that the affidavit was insufficient because the name of Rue following the word "said" and preceding the words "verily believes," etc., had been omitted therefrom.

They further held that this defect could not be cured by amendment. Taking the affidavit as a whole and viewing it from present standards, it would seem that the decision might well have been otherwise. However that may be, the amendment asked for to the affidavit of demand in this case would, also, seem to be within the

spirit of the constitutional and statutory provisions above referred to, and the principles announced in *Console Master Speaker Corporation v. Muskegon Wood Products Corporation, supra.* That being true, the plaintiff's motion to amend is granted.

It has already been pointed out that that case involved the amendment of the Foreign Attachment affidavit in a mere formal particular and not in a matter of substance. That policy dictates that there should be some limitations on the rule permitting the amendment of affidavits is apparent.

Whether, however, that right is confined to the correction of formal defects, and if so what defects would come within that class, need not be determined now.

The amendments requested having been permitted the plaintiff, also, contends that he is entitled to judgment at the first term; the amount due him to be ascertained by the Prothonotary, in accordance with his affidavit of demand, even though there was no appearance by the defendant.

He bases his contention on *section* 4169 *of the Code of* 1915 which, in substance, provides for judgment by default at the first term, notwithstanding appearance by the defendant "In all actions in the Superior Court * * * on foreign judgments"; if an affidavit of demand with copy of plaintiff's cause of action be filed and there be no affidavit of defense.

This action is in the Superior Court on an exemplified copy of a foreign judgment but the question raised is expressly covered in the foreign attachment statute, on which this proceeding is based.

That statute (*chapter 232, vol. 33, Laws of Delaware*) provides:

1. That the writ "shall be framed, directed, executed and returned, *and like proceedings had, as in case of a domestic attachment,* except that as to any suits hereafter instituted an appearance may be entered for the defendant and defense made without entry of security for the discharge of such attachment."

2. It next provides how appearance may be entered and then further provides: "In all such cases *like proceedings may be had as in a case begun by summons,* provided that the lien upon the property seized * * * shall in no respect be disturbed or affected *by the entry of such an appearance,* defense and proceedings thereupon as hereinabove provided, but shall remain as security *pro tanto* for the satisfaction of any personal judgment secured against a defendant *so entering an appearance.* * * * "

Two significant provisions, therefore, appear in this statute:

1. That with certain specific exceptions the writ "shall be framed, directed, executed and returned, and like proceedings had, as in case of a domestic attachment."

2. That in case of an appearance by the defendant "like proceedings may be had as in a case begun by summons."

It is conceded that under the domestic attachment statute judgment cannot be rendered until the second term unless there is an appearance by the defendant. *Section* 4137, *Rev. Code* 1915; *Woolley on Del. Prac.*, § 1261.

By reason of express reference by the foreign attachment statute to the domestic attachment statute that provision is incorporated in it and it is, therefore, apparent that judgment cannot be rendered against the defendant in this case at the first term because no appearance has been entered by him. The plaintiff's motion for judgment is, therefore, refused.

This conclusion is in accordance with the rule announced in *Geylin v. De Villeroi*, 2 *Houst.* 203, and the long-established practice in this state. *Woolley's Del. Prac.*, § 262.