ALBERT D. WENZ *v.* LORETTA WENZ.

(*January* 29, 1935.)

LAYTON, C. J., and RODNEY, J., sitting.

*Harry Rubenstein* for petitioner.

Superior Court for New Castle County, Petition for Divorce, No. 66, November Term, 1934.

LAYTON, C. J., delivering the opinion of the Court:

At this term I declined to proceed with the hearings in several uncontested divorce cases, of which this case was one, for the reason that the petitions were defective.

In this, as well as in the other cases, motions to amend the petitions were offered, and leave to present arguments in support of the motions was granted so that it might be deliberately determined whether prior decisions of this court disallowing amendments of divorce petitions should be adhered to, or a more liberal policy inaugurated.

In the instant case, the petition was plainly defective in that the place where the cause of action arose was not alleged directly and positively, but at best, by way of inference. In the other cases, the continuation of the wilful desertion for the statutory period of two years was not alleged with the precision and positiveness required by good pleading. The defects and insufficiencies, however, were not jurisdictional in character, and the question is not presented, and of course, not decided, whether a peti-

tion, lacking in some jurisdictional averment, may be amended.

The proposed amendment is for the purpose of amplifying and clarifying the allegation of the original petition with respect to the place where the cause of action arose.

Heretofore, this court, in two cases, has categorically declined to permit amendment of a petition for divorce which, under the statute, is required to be verified by affidavit of the plaintiff. In *Wagner v. Wagner*, 3 *Penn.* (19 *Del.*) 303, 51 *A.* 603, decided in 1901, the cause of action alleged was "cruel, barbarous, and inhuman treatment," instead of the statutory cause, "extreme cruelty." The petition was dismissed, and leave to amend was refused, the Court saying, "How can you amend an affidavit?" This decision is the authority cited by Judge Woolley for his statement that an amendment of a divorce petition will not be allowed because an affidavit cannot be amended. 2 *Woolley, Pr.*, §§ 1626, 1631. The reason given in the *Wagner Case* is not in accord with *State v. McCoy*, 2 *Marv.* (16 *Del.*) 465, 36 *A.* 355, decided in 1897, where an amendment of a petition for a writ of mandamus was allowed although, under the practice, such petition was required to be verified by affidavit. 2 *Woolley, Pr.*, § 1657.

In *Sindowski v. Sindowski*, 2 *Boyce* (25 *Del.*) 547, 84 *A.* 805, the averments of the petition, both with respect to the residence of the plaintiff and cause of action were insufficient, and a motion for leave to amend was refused, the court saying that leave will not be granted to amend petitions in divorce cases. It is possible that the court regarded the averment of residence as jurisdictional in character; but from the report of the case, and the same may be said of the *Wagner Case*, the court seems to have reached its conclusion without argument or citation of authority.

In *Jester v. Jester*, 4 *Boyce* (27 *Del.*) 542, 90 *A.* 82, the plaintiff prayed for an annulment of marriage on the

ground that she was under the age of sixteen years and had not confirmed the marriage after having arrived at that age. The statute had been amended changing the cause from annulment of marriage to one for divorce, and an amendment of the petition with respect to the prayer was allowed under *Section 4434, Revised Code* 1915, which allows a plaintiff, who has mistaken the form of action, to amend. The court differentiated between the prayer in a divorce petition and allegation of facts, observing that the verification required by the statute goes to the facts stated in the petition and not to the prayer thereof.

In *Tucker v. Tucker, 6 Boyce* (29 *Del.*) 439, 100 *A.* 471, the court refused to dismiss a petition for divorce for lack of notarial seal to the affidavit, saying that the notary might attach his seal at any time.

While there is no authority in this state directly in conflict with the *Wagner and Sindowski Cases,* there seems to be no reason why, under the constitution and statutes, amendments of divorce petitions ·ought not to be allowed, at least, in cases where the defects or insufficiencies are not jurisdictional in character, or where an amendment will not operate injuriously to the defendant.

*Section 24, Art. 4,* of the *Constitution* provides as follows:

"In civil causes, when pending, the Superior Court shall have the power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments, impleadings and legal proceedings, so that by error in any of them, the determination of causes, according to their real merits, shall not be hindered."

This provision has always been construed as permitting amendments *in pleadings and legal proceedings,* and such was the language of *Section 7, Art. 6,* of the *Constitution of* 1792, and in the journal of the convention which adopted the *Constitution of* 1831, although, in the published edition, the word "impleadings" appeared, and now appears in the present constitution.

*Section* 4430, *Revised Code* 1915, empowers the Superior Court, in any civil cause pending, at any time before judgment, to allow amendments either in form, or substance, of any process, pleading or proceeding, on just and reasonable terms.

Under the constitutional and statutory authority amendments have been allowed freely. In the matter of *Veasey,* 3 *W. W. Harr.* (33 *Del.*) 396, 138 *A.* 629, an amendment of a petition for a writ of *ad quod damnum* was allowed, though, it may be said that, while the petition was sworn to, verification was not required.

In *Console Master Speaker Corp. v. Muskegon Wood Products Corp.,* 4 *W. W. Harr.* (34 *Del.*) 1, 141 *A.* 109, an amendment of a declaration filed in a foreign attachment action changing the word "corporation" in the corporate name to the word "company" was allowed, and the same change permitted in the affidavit upon which the attachment was founded.

Likewise, in *Southern Maryland Trust Co. v. Henry,* 4 *W. W. Harr.* (34 *Del.*) 496, 155 *A.* 599, an attachment affidavit and affidavit of demand were allowed to be amended to show the defendant's Christian name.

In the three cases last cited the Delaware decisions are collected and commented upon, and it is not necessary. to say more than that the constitutional and statutory provisions have been given a broad and liberal construction.

Under the rules of the Court of Chancery bills in equity, which are required to be verified by oath of the complainant, are allowed to be amended, and a petition for divorce is of a nature similar to a bill in equity.

Considering the broad language of the constitutional and statutory provisions relating to amendments and the liberality of amendment heretofore allowed in other causes, even where the petitions or pleadings are required to be verified by affidavit, we allow the proposed amendment

for the reason that the allowance thereof cannot operate to the injury or disadvantage of the defendant; but in order that the effect of the decision may not be misunderstood, we call attention to the statement of the court in the case of *Console Master Speaker Corp. v. Muskegon Wood Products Corp., supra,* that the allowance of an amendment rests in the sound discretion of the court, and will not be allowed where injury or disadvantage will result to the opposing party. Necessarily, in every case, the method of service, whether personal or by publication, is to be considered. Furthermore, the proposed amendment does not introduce a new cause of action, nor does it supply jurisdictional matter. In such cases more difficult questions would arise.

Something more with respect to pleadings in divorce cases may not be amiss. As said in the *Sindowski Case* there should be no uncertainty of averment of vital matters in a petition for divorce. The rule of general application requires that the pleader state the facts of his case, by averments direct and positive, and not leave them to be deduced by argument and inference.