CATHERINE E. COE, petitioner,

*v.*

ELWOOD COE.

[Decided February 2d, 1905.]

1. Where a husband left his wife to seek employment at a distant point, but he was unsuccessful owing to his dissipated habits, and failed to care for the wife in any way, though he continued to write her affectionate letters, his conduct was that of a deserter, and the character of willfulness became attached to the desertion when he had shown by his conduct that he had not resolution strong enough even if he had a desire to do his duty toward her.

2. Where a husband without fault of the wife leaves her and fails to support her, it is not incumbent on her to seek out the deserter and ask a reunion.

On petition for divorce.

Decree (on failure to answer) for leave to make proof before special master, and report of master refusing to advise a decree for petitioner, and exceptions thereto by petitioner.

*Mr. Irving E. Salmon,* for the exceptant.

PITNEY, V. C.

The suit is by a wife against her husband for a divorce from the bonds of matrimony on the ground of desertion.

The parties were married in this state in April, 1900; the defendant was a resident of Morristown and engaged in some sort of labor there; the wife was a native of Morris county and her parents resided there, but she was living in Brooklyn, where she had employment in a millinery establishment.

After her marriage she continued in her employment and to live in Brooklyn until some time in the month of June, 1900, her husband visiting her on Saturdays and Sundays.

In June of that year he left Morristown, to seek employment in Pennsylvania.

She, becoming *enceinte,* gave up her employment a month or two later; lived temporarily for a month or two with her sister, in Morris county, and in October gave birth to a child, the fruit of the marriage.

She rarely heard from her husband and he sent her no money.

As soon as she was able to work she sought employment, and obtained it, notwithstanding the encumbrance of her child, with a Mrs. Hatton, in East Orange, New Jersey, and has maintained her position ever since. The child died in the fall of 1901.

She corresponded with her husband during this period and up to the middle of the year 1903. He seems to have settled down in the neighborhood of Pittsburg, and to have had what with proper conduct would have proven a reasonably remunerative position as conductor on a trolley street railroad, but he did not keep it long, and then attempted several other employments, but never with any success.

A careful perusal of the letters he wrote to his wife satisfies me that his want of success was due entirely to his own misbehavior, mainly in the matter of indulging at intervals in intoxicants.

In one of his letters he admits that he had had at times a surplus of money in his pocket, but that he had spent it in drink.

Such letters as he wrote were very affectionate and contained frequent promises to reform, save money and come East, but at no time when he received his weekly or monthly pay did he ever divide it or send one cent to his wife.

His letters were full of kisses, but no money. On the contrary, on two or three occasions he asked his wife to send him money, which she was wise enough not to do.

The letters which she wrote to him are not produced, nor did she keep copies, but judging of their contents from his answers thereto and her evidence I think it fair to infer that they were those of an affectionate wife, and that she was continuously expressing a desire that he should return and perform his marital duties towards her, both in the way of support and love. But in the year 1903 she became satisfied that her desires were

hopeless and that her husband had not the force of will, if he had the sincere desire, to act towards her as a husband should.

The learned master seems to think that the wife was acquiescing in her husband's staying away up to the summer of 1903, which was less than two years before the petition was filed, and that the desertion did not take place until that late day.

I am unable to agree with him in that result.

I think the tendency of the proof is to show that she was all the while as insistent as a wife should be that the husband should do something for her, and that was all that she could do.

The duty of the husband to love and support his wife is a practical duty and is not performed by a manifestation of sentiment without corresponding conduct. Hence a mere writing of love letters and the making of promises, unaccompanied by a single practical act, amounts to nothing. The failure to try in earnest to do anything in the way of supporting and loving his wife is desertion, no matter how much the party may indulge in affectionate language and send kisses by the thousand in writing.

The intention and resolution of a husband to save money for the benefit of his wife which is too weak to resist the temptation to spend that money on himself is of no legal value, and cannot count in the way of counteracting his absolute neglect to provide for her.

I am satisfied that the defendant husband from time to time had money which he might have sent to his wife. I am satisfied, also, that if he had had the simple resolution of mind to live with and support his wife, which the nature of the marriage contract required of him, he could have done something towards such support.

The husband's conduct from the start was that of a deserter of his wife, and its character of willfulness became fixed when he had shown by his conduct that he had not a resolution strong enough, even if he had a sincere desire, to do even a part of his duty. And I think the evidence shows that the desertion became willful more than two years before the petition was filed.

The attitude of the wife was not that of acquiescence in the prolonged absence and neglect of her husband. It went no

further than to consent to his making an honest attempt to provide her with a home and proper support. This, I find, he failed to do.

The question of the duty of the deserted spouse to seek out the deserter and ask a reunion has no place in the facts of this case.

For these reasons I am of the opinion that the exceptions must be sustained and a decree of divorce granted, and will so advise.