EDNA MAY TRUMAN *v.* HOWARD ROOSEVELT TRUMAN.

(*February* 7, 1934.)

RODNEY, J., sitting.

*A. James Gallo* for petitioner.

Superior Court for New Castle County, Divorce, No. 3, January Term, 1934.

RODNEY, J., delivering the opinion of the Court:

The imprisonment is relied upon as commencing the desertion of the plaintiff by the defendant. The question arises, can a cause of action for divorce based on "wilful desertion" be predicated on imprisonment for crime? There are authorities which seem to sustain an affirmative answer to this question. In 9 *R. C. L.* 360, § 146, it is said:

"But it would seem to be a more reasonable rule that a spouse may be guilty of desertion, though his separation from the complaining spouse was due to his conviction and imprisonment for a crime, since the absence of the offending party from his home and the desertion supervening thereon, even though enforced, is but a consequence of his own guilt."

See, also, *Schouler, Marr. & Div.*, page 1836, § 1621; *Keezer, Marr. & Div.*, page 234. With these authorities I do not agree, nor can I find any adjudicated cases upon which they can be based.

The desertion which is made the statutory cause of divorce is a "wilful desertion." This Court in *Ward v. Ward*, 7 Penn. (23 Del.) 364, 75 A. 611, said:

"Willful desertion, in the statutory intent and meaning, is the voluntary separation of one of the married persons from the other, or the voluntary refusal to renew a suspended marital relation, without justification either in the consent or wrongful conduct of the other."

If the separation must be a voluntary one, it must involve something analogous to an intent to bring about the separation and this intent is not shown by a compulsory incarceration against the will of the prisoner. It is true

that the separation caused by the imprisonment was the result of the guilt of the prisoner and, therefore, the prisoner, in a sense, caused the separation, but that in itself is a long way from proving that the prisoner was guilty of wilful desertion. The guilt of the prisoner was the guilt of another offense and may have been entirely foreign to any intent to cause a desertion.

In this case I am only concerned with a situation where the imprisonment constituted the beginning of the separation and not with a case where the wilful desertion had begun and then the imprisonment followed. There are cases relevant to the latter situation. *Hews v. Hews,* 7 *Gray (Mass.)* 279; *Heiter v. Heiter,* 21 *Pa. Dist. R.* 327; and see *Wolf v. Wolf,* 38 *N. J. Eq.* 128; *Hyland v. Hyland,* 55 *N. J. Eq.* 35, 36 *A.* 270; *Csanyi v. Csanyi,* 93 *N. J. Eq.* 11, 115 *A.* 76. This distinction is also pointed out in 1 *Bishop on Marr. & Div.,* § 1759. I find no case that holds that imprisonment alone can constitute the inception of desertion nor be the basis of a decree of divorce on the ground of wilful desertion. Upon the contrary, such cases as have considered the matter, have held that where the absence is due to coercion or imprisonment, there is then a divesting of the character of wilfulness and a decree of divorce on the ground of wilful desertion should not be based thereon. *Townsend v. Townsend, L. R.* 3, *Prob. & Div.* 129; *Porritt v. Porritt,* 18 *Mich.* 420; *Frantz v. Frantz,* 11 *Pa. Co. Ct. R.* 467; *Collins v. Collins,* 28 *Pa. Co. Ct. R.* 47; *Shannon v. Shannon,* 7 *Pa. Dist. R.* 552; *Hess v. Hess,* 22 *Pa. Co. Ct. R.* 135; see *notes* in *L. R. A.* 1918A, 1184; 119 *Am. St. Rep.* 638; 138 *Am. St. Rep.* 159; 31 *L. R. A.* 520.

The petition must be dismissed without prejudice.