WILLIAM WALTER FRANK JONES, also known as William F. Jones, *v.* CAROLINE BROWN JONES.

*(January 25, 1937.)*

LAYTON, C. J., sitting.

*Harry K. Hoch* for plaintiff.

Superior Court for New Castle County. Divorce, No. 92, January Term, 1937.

LAYTON, C. J., delivering the opinion of the Court:

The petition alleges that the parties were married on March 23, 1913; that they lived together until January 17, 1919; and that the said defendant "did desert and leave the said libellant more than two years prior to the filing of this libel in divorce and hath not since said desertion lived and cohabited with said libellant."

It is not alleged that the desertion was wilful, nor are facts set forth from which the wilfulness of the desertion in its origination and continuance may be inferred. Leave was asked to amend the petition by inserting these necessary averments.

At the outset it will be noticed that the time when the alleged desertion occurred appears only by inference. It appears that from the time of the marriage the plaintiff lived with the defendant until January 17, 1919. Only by inference does it appear that the desertion took place then. This defect is formal, and, in this particular, leave to amend would be readily granted.

The other defect is substantial and jurisdictional in character.

One of the statutory causes for divorce *a vinculo matrimonii* is "Wilful desertion for two years." *Rev. Code* 1935, § 3499. The complaint should, of course, aver the existence of the facts essential to constitute desertion as that offense is defined in the statute. 19 *C. J.* 112. The Court

has no inherent power to grant a divorce except upon the grounds prescribed by the legislature. 19 *C. J.* 36.

 Wilful desertion, within the statutory meaning, is the voluntary and unjustifiable separation of one of the married parties from the other continued for the statutory period. See *Ward v. Ward,* 7 *Penn.* 364, 75 *A.* 611. To establish desertion as a ground for divorce the plaintiff must prove a cessation from cohabitation for the statutory period, *intention in the mind of the deserter not to resume* cohabitation, and the absence of the plaintiff's consent to the separation or misconduct justifying the separation. 9 *R. C. L.* 355. See *Truman v. Truman,* 6 *W. W. Harr.* (36 *Del.*) 104, 171 *A.* 453.

Mere cessation from cohabitation, or desertion, is not a ground for divorce, and the Court is without power and authority to hear and determine the cause unless an amendment of the petition may be allowed.

 In *Wenz v. Wenz,* 6 *W. W. Harr.* (36 *D*el.) 413, 177 *A.* 181, decisions of this Court relating to amendments of divorce petitions were reviewed; and while, in that case, an amendment was allowed as to matters of form, a departure from the rigid rule announced in *Wagner v. Wagner,* 3 *Penn.* 303, 51 *A.* 603, yet it was said that a more difficult question would arise if, by the proposed amendment, a new cause of action would be introduced, or jurisdictional matter supplied.

The matter to be supplied is of substance. See *Vandever v. State,* 1 *Marv.* 209, 40 *A.* 1105. If allowed, the effect will be to transform allegations not recognized by the statute as a ground for divorce into a statutory ground.

In this State a divorce action is instituted by filing in the office of the Prothonotary in the county of the petitioner's residence a petition "stating the true cause of the

complaint." Whereupon a summons issues and service is made upon the defendant, either personally or by publication.

It would seem clear enough that when a petition is filed stating no cause of action recognized by the statute, no authority exists for the issuance of a summons, and the Court acquires no jurisdiction.

█ █ The allowance of amendments, in any event, rests in the sound discretion of the Court. *Wenz v. Wenz, supra.* The Court cannot know whether injury or disadvantage will result to the defendant, if it be allowed. For all that appears the defendant may have acquainted herself with the averments of the petition, and have concluded that she would not incur the trouble and expense of defending herself against a charge not recognized by the statute. Furthermore, questions which may arise hereafter with respect to maritial rights in property are clearly perceptible. See *Hinkle v. Lovelace,* 204 *Mo.* 208, 102 *S. W.* 1015, 11 *L. R. A.* (*N. S.*) 730, 120 *Am. St. Rep.* 698, 11 *Ann. Cas.* 794. Even if it be conceded that the matter to be supplied by the proposed amendment is not of jurisdictional quality, there are ample reasons why the amendment should not be allowed.

The motion to amend is refused.