SAMUEL JACOBS, Plaintiff, v. CELIA JACOBS, Defendant.

(*November* 16, 1950.)

WOLCOTT, J., sitting.

*William E. Taylor, Jr.,* for the Plaintiff,

*Harry Rubenstein* for the Defendant.

Superior Court for New Castle County, Divorce, No. 473, Civil Action, 1950.

WOLCOTT, J.:

The complaint alleges as a ground for divorce that on April 20, 1934, the defendant was adjudged to be a recurrent insane person and was thereupon committed to the Norristown State Hospital in Norristown, Pennsylvania, and continued to be confined in said hospital until September 1, 1945. The complaint prays for the appointment of a commission under 43 Laws of Delaware, Chap. 206, to inquire into the mental condition of the defendant, and for a decree of divorce in the event the report of the said commission is that the defendant is a chronic or recurrent insane person.

There is no allegation in the complaint that defendant was at the time of the filing of the complaint a chronic or recurrent insane person.

The defendant moved, under Rule 12 (b), to dismiss the complaint for failure to state a cause of action upon which relief can be granted. This motion has now come on for decision.

The complaint is based upon Section 3499 R. C. 1935, as amended by 43 Laws of Delaware, Chap. 206, which reads in pertinent part as follows:

"The causes for divorce from the bonds of matrimony shall be:

\* \* \* \* \*

"(i) When either the husband or wife shall have been adjudged feeble-minded, epileptic, or a chronic or recurrent insane person, and shall have been under the supervision or care of

an institution for mental diseases, during a period of five years; provided, however, that along with the requirements as to jurisdiction, residence, summons and service, herein provided, the petitioner shall further request the Judges of the Superior Court to appoint a commission of five persons to inquire into the respondent's mental and physical condition; one of the commission to be the State Psychiatrist, one, a licensed physician who has practiced medicine in the State of Delaware for at least five years, one, an attorney-at-law, who has practiced law in the State of Delaware for at least five years, and the other two, laymen of good character who have been residents in the State of Delaware for at least five years. If the report of the commission, so appointed, shall be that the person is a feeble-minded, epileptic, or a chronic or recurrent insane person, and has been under the supervision or care of an institution for mental diseases for a period of five years, or more, then the Judges of the Superior Court, may, in their discretion, grant a divorce a vinculo matrimonii, making, however, in their discretion, such an order upon the petitioner for the support, care and treatment of the said feeble-minded, epileptic, or chronic or recurrent insane person, as they may deem fitting and proper."

It is to be observed that, on its face, the quoted portion of the statute makes an adjudication of feeble-mindedness, epilepsy, or chronic or recurrent insanity a ground for divorce, provided the defendant spouse shall have been under the supervision or care of an institution for mental diseases, during a period of five years. The following proviso of the statute, however, has the effect of circumscribing the stated ground of divorce in such manner as to require in addition to the adjudication of insanity and consequent commitment that the insanity shall be an existing fact at the time the decree is to be entered. This seems clear from the provision that, if the commission to be appointed by the Court shall report "that the person is a feeble-

minded, epileptic, or a chronic or recurrent insane person, and has been under the supervision * * * of an institution for five years, or more", then, in its discretion, the Superior Court may grant a divorce a vinculo matrimonii. The concluding provision of the statute for the entry of an order for the support and care of the insane divorced person serves but to point up the· requirement that the insanity must exist not only at the time of the filing of the complaint, but at the time of the decree as well. It seems obvious to me that the Legislature intended to permit a divorce for insanity only when that is an existing continuing fact.

The effect of the statute, therefore, is that divorce on the ground of insanity may, within the Court's discretion, be granted, provided the defendant is insane and has been so adjudged; has been under the care or supervision of a mental institution for a period of at least five years; and, provided further, that a commission appointed by the Court has reported that the defendant is an insane person at the time the report is made. The facts of adjudication of insanity and care and supervision by an institution for a period of five years are prerequisites to the appointment of the commission without which no divorce would ever be possible on the ground under consideration.

The defendant argues that the requirement of the statute, that the defendant shall have been under the care of a mental institution for a period of at least five years, must be construed as though it in fact reads "five years confinement immediately preceding the filing of the complaint." In support ·of this argument is cited *Bray* v. *Bray,* 15 *Pa. Dist. R.* 698, but that case is not authority for the argument it is advanced to support. The Bray Case dealt with a Pennsylvania statute creating as a ground for divorce hopeless insanity, and providing that confinement in an insane asylum for ten or more years should be conclusive

proof of insanity. The court in the Bray Case quite correctly held that, since the cause of divorce was present insanity, confinement in an asylum could raise no presumption in that respect unless it, too, was a present fact immediately preceding the filing of the libel for divorce. That is not the case at bar, however.

The supervision by an institution required by 43 Laws of Delaware, Chap. 206, is not proof of the insanity which is made by the statute a ground for divorce. The supervision by the institution is merely a fact necessary to be present before a commission will be appointed to inquire into the sanity of the defendant. No presumption as to sanity is raised by the statute from the fact of supervision or confinement. Hence, the situation is entirely different from the one presented in *Bray* v. *Bray, supra.*

The requirement in our statute, that there should have been supervision by an institution for a period of at least five years, can be nothing more than a safeguard that complaints for divorce on the ground of insanity shall not be filed lightly, or without just cause. There does not seem to be any useful purpose to be served, however, in extending the language of the statute beyond its plain meaning by requiring the period of supervision to extend to the filing of the complaint. The argument of defendant ignores the true meaning of the statute, viz., that the ground for divorce is present insanity, not confinement in an institution.

The complaint for divorce under 43 Laws of Delaware, Chap. 206, must allege, therefore, that the defendant has been confined in or under the supervision of an institution for the care of mental diseases for a period of at least five years, and must also allege that the defendant has been adjudged to be and is feeble-minded, epileptic, or a chronic or recurrent insane person in order to confer jurisdiction upon this court to ap-

point a commission to inquire into the sanity of the defendant in the first instance, and, eventually, to either grant or deny a divorce in accordance with the statute. The complaint in the instant case fails to do so by failing to allege the present insanity of the defendant.

In this state, divorce actions are instituted by filing in the office of the Prothonotary a verified complaint or petition averring the existence of the facts essential to establish the ground for divorce as that ground is set out in the statute creating it. When such a complaint is filed, a summons will issue and service be obtained upon the defendant. When the complaint does not comply with this requirement, no summons may issue, and no jurisdiction over the parties and subject matter can be acquired. *Jones v. Jones,* 8 *W. W. Harr.* 162, 189 *A.* 588.

The complaint before me fails to allege the present insanity of the defendant and, therefore, fails to state a cause upon which relief can be granted. The motion to dismiss is granted.