Benjamin Bbenneb, J.
Neither party has established abandonment by a fair preponderance of the credible evidence.
A Justice in the Family Court, on May 5, 1939, directed the husband to remove from the apartment occupied by the parties because of his inability to adequately support the wife and child. The wife asserts that it was not then but several months thereafter that he permanently removed from the premises. She does not, however, contest the fact that he then had been and continued to be unemployed for some years. Nor is it disputed that, in view of such unemployment, adequate support which was the condition set by the Justice for continued joint residence, could not possibly be fulfilled. Hence the husband had no choice and his testimony must be credited that he felt impelled to comply with the court’s order and that, as he claims, he left the plaintiff on May 11, 1939 against his will. In these circumstances, the husband’s departure from the marital home was not voluntary even if the wife’s testimony is to be believed that she did not request the Judge to oust him. In any case, the plaintiff wife has failed to establish that the husband’s conduct constituted an abandonment predicated upon a purposeful, unwarranted or unjustified departure (Matter of Maiden v. Maiden, 284 N. Y. 429).
Nor, apparently, did either party request the other to resume marital life. The separation, even if it began by compulsion, continued to subsist through mutual consent. It will be noted that it has now persisted for some 20 years and that even when the husband, many years after the separation, resumed remunerative employment, the wife has not by word or deed ever encouraged or requested the husband’s return. The separation, thus countenanced by both, lapsed into an ignored marital status with its mutual obligations totally neglected. To reactivize so dormant a marriage would, at the very least, require a clear and unmistakable request to do so, without which, an action for separation on the ground of desertion on the part of a wife, so content to live apart, is not possible (Solomon v. Solomon, 290 N. Y. 337. Thus, regardless of whether the separation took place, as the wife claims, on October 11,1939 or, as the husband claims, on May 5,1939, the former has not sustained her burden of establishing an unjustified abandonment.
The defendant’s counterclaim for judgment of separation is founded on her refusal to cohabit some two years prior to the date when he was ordered out of the marital abode. By his own testimony, however, the husband blames the separation on *957 the order of removal and not on the wife’s refusal to cohabit. He has, therefore, also failed to sustain his burden of establishing an abandonment by the wife. Each of the parties having failed to establish their individual cause against the other by a fair preponderance of the credible evidence, an award of alimony cannot be made (Ross v. Ross, 290 N. Y. 887). An additional counsel fee for her successful defense of the counterclaim is granted in the sum of $150, payable 10 days from entry of judgment on notice.