DELAWARE BARREL & DRUM Co., INC., a corporation of the State of Delaware, THE PULLMAN COMPANY, a corporation of the State of Illinois, and HARRY RUBENSTEIN, Agent, Plaintiffs, v. THE MAYOR AND COUNCIL OF THE CITY OF WILMINGTON, a municipal corporation, and THOMAS FITZSIMMONS, CHARLES R. REED and MICHAEL FIDANCE, being the Board of Assessment for the City of Wilmington, Defendants.

(*November* 16, 1961.)

TERRY, P. J., sitting.

*Alfred R. Fraczkowski* for Delaware Barrel & Drum Co., Inc., and Harry Rubenstein, Agent.

*John P. Sinclair* for The Pullman Company.

*Daniel L. Herrmann* for the Defendants.

Superior Court for New Castle County, No. 931, Civil Action, 1960.

TERRY, P. J.:

This is a proceeding under certiorari wherein plaintiffs, property owners in the City of Wilmington seek to overturn assessment of their property made by the Board of Assessment for the City of Wilmington (hereinafter referred to as the Board) for the taxable year July 1, 1960 to June 30, 1961. Plaintiffs disagreed with the assessments placed on their property and appealed to the Board for review of assessments pursuant to 51 *Del. Laws* Ch. 4, Sec. 15 (*1957*). Upon refusal of the Board to alter the assessments to the extent advocated by plaintiffs, they prosecuted certiorari proceedings in this Court.

Plaintiffs pray that this Court issue a writ of certiorari to the Board directing the Board to certify records of its appellate proceedings to this Court, and that this Court reverse the assessments or grant such relief as it deems just. Plaintiffs have alleged that the Board erred in several respects.

Defendants move to dismiss the complaints for failure to state a claim upon which relief can be granted.

First, defendants assert that this Court lacks jurisdiction to review the Board's appellate decisions on a common law writ of certiorari. This assertion is premised upon two arguments: (1) That the Board exercises a purely legislative or administrative function in assessing taxes which function is not reviewable by the Courts; and (2) that the Statute, 51 *Del. Laws*, Ch. 4, Sec. 15 (1957), makes the Board's decision final with no provision for judicial review, thus indicating the legislative intent to exclude judicial review.

The common-law writ of certiorari lies to review acts which are judicial or quasi-judicial in nature, and does not lie to review acts which are administrative or legislative in nature. However, it is generally agreed that tax boards act in a judicial capacity in making and reviewing assessments of taxes and their decisions are subject to review by certiorari. 10 *Am. Jur.* Certiorari Sec. 11 (1937); 14 *C. J. S.* Certiorari § 46; Annot., 77 *A. L. R.* 1357 (1932). Cases denying certiorari seem to be based on the fact that the question presented was not a proper one for review by certiorari, rather than the holding that tax boards are administrative in nature and not subject to review by certiorari proceedings. *Colonial Trust Co. v. Scheffey*, 69 *A.* 455 (N. J. Sup. Ct. 1908); *Carriger v. Mayor and Aldermen of Town of Morristown*, 256, *S. W.* 883, 889 (Tenn. Sup. Ct. 1923); *Tomlinson v. Board of Equalization*, 88 *Tenn.* 1, 12 *S. W.* 414, 6 *L. R. A.* 207 (1899).

Our Court of Errors and Appeals commented on a situation similar to the case at bar by stating that " a writ of *certiorari* will afford the owner of property, subject to an illegal assessment, another mode of redress or relief," *Murphy v. Mayor, etc., City of Wilmington*, 6 *Houst.* 108, 138 (Del. Ct. Err. & App. 1880). The Court went on to quote approvingly from *Dillon on Municipal Corporations* as follows:

" 'The unquestionable weight of authority in this country is, if an appeal be not given, or some specific mode of re-

view provided, that the superior common law courts will, on *certiorari*, examine the proceedings of municipal corporations, even although there be no statute giving this remedy; and if it be found that they have exceeded their chartered powers, or have not pursued those powers, or have not conformed to the requirements of the charter or law under which they have undertaken to act, such proceedings will be reversed or annulled. An aggrieved party is, in such case, entitled to a *certiorari ex debito justitia. 2 Dill. on Mun. Cor.*, 740.' "

In view of these authorities, it is my conclusion that this Court may review a decision of the Board by writ of certiorari in a proper case.

 Secondly, defendants assert that this Court lacks power to alter a tax assessment where the statutory period within which alterations may be made to the assessment lists has expired. Defendants rely on the following provision of 51 *Del. Laws*, Ch. 4, Sec. 15 (1957):

"No appeal shall be received or heard, or adjudication or appeal made, nor shall the assessment list be altered or added to after the thirty-first day of March * * *."

It is apparent that defendants' contention in this respect is not well founded since the above-quoted provision applies only to appeals to the Board. It does not place a time limitation on this Court in a certiorari proceeding. Plaintiffs have appealed to the Board pursuant to the statute within the time specified, and have therefore fulfilled the statutory requirements.

 Thirdly, defendants assert that the complaints fail to state a claim upon which relief can be granted upon common law writ of certiorari in that plaintiffs charge the Board with placing an excessive valuation on their property which is a pure question of fact.

It is generally held that questions of valuation involving no principle of law are not reviewable by a writ of certi-

orari. 4 *Cooley, Taxation*, Sec. 1633 p. 3272 (4th ed. 1924). However, certiorari lies "to correct errors of law, to review proceedings not conducted according to law, and to restrain an excess of jurisdiction." 1 *Wooley, Delaware Practice* Sec. 896 (1906). Plaintiffs have alleged, *inter alia*, that the Board failed to assess the property at its estimated full value as required by 28 *Del. Laws*, Ch. 121, Sec. 8 (1915); and that the Board failed to make a good, fair, equal, complete and faithful assessment, contrary to the requirements of 28 *Del. Laws*, Ch. 121, Sec. 7 (1915). Assuming these uncontroverted allegations to be true, and viewing them in a light most favorable to plaintiffs, which I am bound to do for the purposes of this motion to dismiss, they indicate that the Board has failed to conduct their tax assessment according to law and has committed errors of law. *Fine v. Mayor & Council of Wilmington*, 8 *Terry* 539, 94 *A.* 2d 393, 394 (Del. Super. Ct. 1953); *Barni v. Kutner*, 6 *Terry* 550, 76 *A.* 2d 801, 803 (Del. Super. Ct. 1950). This being the case, the defendants' motion to dismiss must be denied.

An order will be entered upon motion.