98 N.J. Super. 600 (1968)
238 A.2d 201
GAIL MARILYN BRADY, ALSO KNOWN AS GAIL BRADY, PLAINTIFF,
v.
FRANCIS ANTHONY BRADY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 16, 1968.
Mr. S. Theodore Takvorian, attorney for plaintiff.
CONSODINE, J.C.C. (temporarily assigned).
This is a divorce action brought by the wife on the ground of desertion. Defendant was arrested, held for lack of bail, indicted for several crimes, pleaded guilty and later sentenced. He has been incarcerated continuously since his original apprehension and for more than two years. The question is *601 whether such a separation is a willful and obstinate desertion in the sense of our Divorce Act? N.J.S. 2A:34-2.
The society and support of the husband are fundamental commitments on his part to marriage. The relationship itself fails whenever these premises are dishonored. Surface fidelity is not enough. The measure of performance looks to the substantial reality. As Vice-Chancellor Pitney said in Coe v. Coe, 68 N.J. Eq. 157 (Ch. 1905):
"The duty of the husband to love and support his wife is a practical duty and is not performed by a manifestation of sentiment without corresponding conduct." (at p. 159)
He was speaking of a man who left home to find a job and never returned, although he busied his wife with affectionate letters marked with kisses. The principle applies, however, to a husband who chooses crime as his way of life.
Logically, when the husband conspired with others to commit an armed robbery, he must have known that one of the probable consequences of his acts was imprisonment and that such imprisonment might well be for an extended term. It is not essential that a separation from his wife should be the central or even a collateral purpose of his crime. That would indeed be an unusual situation.
As Chancellor Walker said in speaking of a constructive desertion in Csanyi v. Csanyi, 93 N.J. Eq. 11, 13 (Ch. 1921), "It is enough if it is the natural consequence of his acts."
It follows, therefore, that the separation of spouses because of imprisonment for crime is essentially willful, albeit externally enforced.
The more difficult question is whether it is also obstinate? What of a defendant who insists that, but for imprisonment, he would interrupt his confinement and return to his wife? And what prisoner would not so insist?
Our Divorce Act specifically rejects such contentions wherever the desertion preceded the arrest. Under N.J.S. 2A:34-4 it is unavailing for a husband to express contrition *602 for a desertion begun before the imprisonment, for in such a case the incarceration is conclusively taken to be an extension of a willful and obstinate desertion. See Csanyi v. Csanyi, supra, where the court observed:
"* * * the very object of this section is to make a desertion thereby continued, both willful and obstinate, during its continuance." (at p. 14).
See also Margulies v. Margulies, 93 N.J. Eq. 332 (Ch. 1920).
The purpose, if not the letter of our statute, is just as strongly engaged where the desertion begins with the imprisonment. If a willful and obstinate decision to embark upon crime is an incipient desertion and if, as the statute decrees, a desertion persists as a matter of law during imprisonment, then it cannot matter whether some trifling interval of separation precedes the arrest. In dealing with this problem Chancellor Walker said in Csanyi v. Csanyi, supra:
"I make no doubt that if a husband brutally assaults his wife, and immediately after the attack she causes his arrest for her protection, that she may treat the separation so caused as a constructive desertion on the husband's part, commencing from the time of the assault." (at p. 15; emphasis added)
On the same analogy, the desertion in the instant case began with the commission of the crime for which the husband was imprisoned.
In many states the frustration and fragmentation of marriage by imprisonment is dealt with by making the conviction or imprisonment for crime a ground for divorce. See Liberato v. Liberato, 93 N.H. 219, 38 A.2d 880 (Sup. Ct. 1944); Davis v. Davis, 102 Ky. 440, 43 S.W. 168, 39 L.R.A. 403 (Ct. App. 1897).
Case authority for the view that desertion encompasses the natural consequences of a criminal misconduct which bring cohabitation to an end is sparse and negative. See Truman v. Truman, 6 W.W. Harr. 104, 36 Del. 104, 171 *603 A. 453 (Super. Ct. 1934), citing contra various text authorities (Schouler, Marriage & Divorce (6th ed. 1921), p. 1836, § 1621; Keezer, Marriage & Divorce (2d ed. 1923), p. 234; 9 R.C.L. 360, § 146). Citations to current editions are Schouler, Marriage & Divorce p. 694, § 116 (j) (ed. 1944); Keezer, Marriage & Divorce p. 403, § 345 (3rd ed. 1946); 24 Am. Jur.2d, p. 198, § 26 and p. 262, § 102. The last is erroneous in its citation of Truman v. Truman, supra, at p. 263, n 19. The scales weigh in favor of the logic of the authorities. There is no pertinent authority in New Jersey.
Judgment nisi is entered.