**WIFE, D., Defendant Below, Appellant,**

v.

**HUSBAND, D., Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 20, 1972.

Reargument Denied July 10, 1972.

Robert B. Walls, Jr., Wilmington, for defendant below, appellant.

Joseph H. Flanzer, of Flanzer & Isaacs, Wilmington, for plaintiff below, appellee.

CAREY and HERRMANN, JJ., and STIFTEL, Judge, presiding.

PER CURIAM:

The appellant wife, defendant below, has appealed from a decision of the Superior Court which permitted the appellee husband to amend his complaint in a divorce case.

The ground for divorce alleged is incompatibility under 13 Del.C. § 1522(12), which requires that the incompatibility must exist for two consecutive years prior to the filing of the action. 13 Del.C. § 1502 requires that the true cause of the complaint shall be verified by the affidavit of the petitioner that "the facts stated are true". The complaint in this case stated that the parties were incompatible for approximately three years prior to May 8, 1970; it did not state that these three years were consecutive. Furthermore, the affidavit attached to the complaint stated that the facts set forth "are true and correct to the best of his knowledge and belief". Because of these imperfections, the wife moved to dismiss. The husband then requested and was granted permission to amend the complaint in these two particulars. It is this ruling from which the wife has appealed.

We will assume that the defects relied upon are jurisdictional and that the ruling below is therefore an appealable interlocutory order.

Rule 15 of the Superior Court provides that leave to amend shall be freely given when justice so requires; it also provides that an amendment of the nature here approved relates back to the date of the original pleading.

The record shows that the errors in the original complaint were not the fault of the plaintiff himself, but were purely oversights on the part of counsel. We see no reason the plaintiff should be punished for these rather trivial mistakes of his attorney. The amendments applied to purely technical matters, and no new cause of action was introduced by them. It is quite possible that they would have been properly allowed even prior to the adoption of the present liberal rules. Cf. Jones v. Jones, Del.Super., 8 W.W.Harr. 162, 189 A. 588 (1937); Wenz v. Wenz, Del.Super., 6 W.W.Harr. 413, 177 A. 181 (1935). In any event, the technical rules of our former system of pleading no longer prevail. In our opinion, the amendments allowed by the Court below are well within the letter and spirit of the present Rule 15 permitting amendments to pleadings.

The ruling of the Court below will be affirmed.