■ SANDRA S. PASCARELLA, Appellant, v JAMES V. PASCAR-ELLA, Respondent. (Appeal No. 1.) [621 NYS2d 983] —Appeal unanimously dismissed without costs *(see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J. —Divorce. ) Present—Balio, J. P., Lawton, Wesley, Callahan and Davus, JJ.

remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court dismissed plaintiff's cause of action for divorce on the ground of cruel and inhuman treatment because plaintiff failed to offer proof to corroborate her testimony. That was error; no corroboration is required *(see, Hird v Hird,* 170 AD2d 1049). Upon our review of the record, we conclude that there is not sufficient legal evidence to grant a divorce on the ground of cruel and inhuman treatment.

The proof is legally sufficient, however, to grant a divorce on the ground of constructive abandonment. Domestic Relations Law § 170 (2) provides that an action for divorce may be maintained upon the ground of the abandonment of the plaintiff by defendant for a period of one or more years. The essence of abandonment is a refusal on the part of one spouse to fulfill basic obligations arising from the marriage contract *(Diemer v Diemer,* 8 NY2d 206). To establish a constructive abandonment, plaintiff must prove that there was a failure and refusal on the part of defendant to engage in marital relations for at least a year prior to commencement of the action *(De Angelis v De Angelis,* 54 AD2d 1088). Plaintiff testified that the last time they had sexual relations was in 1982. Defendant denied that allegation but conceded that they had not had sexual relations in the year prior to commencement of the action. Plaintiff testified that she tried "every couple of months" for years to discuss defendant's forbearance with him, but defendant refused to discuss it. Once plaintiff makes out a prima facie case of abandonment, judgment should be granted unless defendant pleads and proves justification *(Maryon v Maryon,* 60 AD2d 623). That did not occur in this case. We remit the matter to Supreme Court to grant judgment in favor of plaintiff and to consider the remaining issues. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Divorce.) Present—Balio, J. P., Lawton, Wesley, Callahan and Davis, JJ.