STEVEN McNAIR, Appellant, v FRANCINE McNAIR, Respondent. [692 NYS2d 273] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiffs in these divorce actions are inmates at the Attica Correctional Facility. Each plaintiff alleges in his complaint that his wife abandoned him by refusing to engage in marital relations despite repeated requests by him that she do so. Each plaintiff alleges that the abandonment was unjustified, that it commenced more than a year prior to his arrest and subsequent incarceration, and that the events surrounding the abandonment were unrelated to and not the result of the incarceration of each plaintiff. Each order of Supreme Court indicates that each defendant appeared *pro se* and submitted an affidavit indicating that she did not intend to contest the action. Nevertheless, the court dismissed each action, concluding that each plaintiff failed to sustain his burden of establishing that the separation was not justified. The court determined that each separation resulted from the criminal conduct of each plaintiff and that his illegal conduct does not constitute a proper ground for divorce..

A spouse may not obtain a divorce based upon abandonment if he is guilty of misconduct sufficient to provide the other spouse with grounds for divorce and thus cannot establish that

the absence was unjustified (*see, Johnson v Johnson,* 167 AD2d 954). Each plaintiff alleges, however, that the abandonment occurred more than one year before his arrest and incarceration (*see, Belandres v Belandres,* 58 AD2d 63, 64-65). Thus, each plaintiff made out a prima facie case of constructive abandonment, and neither defendant pleaded or proved justification (*see, Pascarella v Pascarella* [appeal No. 2], 210 AD2d 915, 916; *Maryon v Maryon,* 60 AD2d 623; *see also, Merrick v Merrick,* 165 Misc 2d 180, 183, *affd* 223 AD2d 373, *lv dismissed* 88 NY2d 1017). Consequently, we reverse each order and remit each matter to Supreme Court to grant judgment in favor of each plaintiff and to consider any remaining issues (*see, Pascarella v Pascarella, supra,* at 916). (Appeal from Order of Supreme Court, Wyoming County, Dillon, J.—Matrimonial.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.