Matter of Maull (2018 NY Slip Op 03626)





Matter of Maull


2018 NY Slip Op 03626


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6594 File 3522/12C

[*1]In re the Estate of Peggy Wu Maull, Deceased.
Baldwin Maull, Petitioner-Respondent,
v
Karen Lee, etc., et al., Respondents-Appellants.


Jones, Wolf & Kapasi, LLC, New York (Benjamin J. Wolf of counsel), for Karen Lee, appellant.
Neil B. Hirschfeld, New York, for Michelle Lee, appellant.
Baldwin Maull, respondent pro se.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about March 8, 2017, which denied respondents co-executors' motion for summary judgment disqualifying petitioner as decedent's surviving spouse on grounds of abandonment, unanimously reversed, on the law, with costs, and the motion granted.
A surviving spouse has a right of election under the will of the decedent unless it is satisfactorily established that the spouse abandoned the decedent and that the abandonment continued until the time of death (EPTL 5-1.2[a][5]). To challenge a spouse's right of election, something more than mere departure from the marital abode and living separate and apart is required. The one seeking to impose the forfeiture must demonstrate that the abandonment was unjustified and that it was without the consent of the other spouse (see Matter of Riefberg, 58 NY2d 134, 138 [1983]).
Here, the court properly determined that respondents satisfied their initial burden of demonstrating that petitioner abandoned decedent and that the abandonment was unjustified in that it was the result of orders of protection against him in favor of decedent (first obtained almost seven years before her death) based on his acts of domestic violence. In opposition, petitioner failed to raise a triable issue of fact concerning decedent's consent to his removal from the marital abode given his misconduct (Matter of Dunn, 26 Misc 3d 1208[A], 2009 NY Slip Op 52686[U] [Sur Ct, Nassau County 2009]
see also James v James, 13 AD3d 583, 585-587 [2d Dept 2004, Miller, J., concurring]). Furthermore, petitioner's affidavit and deposition testimony demonstrated his resolve not to return
to the marital abode, except to obtain his personal belongings, even after the expiration of the orders of protection.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK